```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF TEXAS
 2                        SHERMAN DIVISION

 3     UNITED STATES OF AMERICA      |  DOCKET 4:21-CR-253(2)
                                     |
 4                                   |  FEBRUARY 14, 2024
       VS.                           |
 5                                   |  3:40 P.M.
                                     |
 6     IRABOR FATARR MUSA            |  SHERMAN, TEXAS

 7     ----------------------------------------------------------

 8            VOLUME 1 OF 1, PAGES 1 THROUGH 21

 9     REPORTER'S TRANSCRIPT OF CHANGE OF PLEA HEARING HEARING

10         BEFORE THE HONORABLE AMOS L. MAZZANT, III,
                 UNITED STATES DISTRICT JUDGE
11     ----------------------------------------------------------

12

13
       APPEARANCES:
14
       FOR THE GOVERNMENT:      JAY R. COMBS
15                              U.S. ATTORNEY'S OFFICE - PLANO
                                101 E. PARK BOULEVARD, SUITE 500
16                              PLANO, TX 75074

17
       FOR THE DEFENDANT:       JOHN WILLIAM HOPPING
18                              THE HOPPING LAW GROUP, PC
                                15950 NORTH DALLAS PKWY, SUITE 400
19                              DALLAS, TX 75248

20
       COURT REPORTER:          CHRISTINA L. BICKHAM, CRR, RDR
21                              FEDERAL OFFICIAL REPORTER
                                101 EAST PECAN
22                              SHERMAN, TX 75090

23

24
            PROCEEDINGS RECORDED USING MECHANICAL STENOGRAPHY;
25      TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.
```

CHANGE OF PLEA HEARING                                                2

```
1              (Open court, Defendant present.)

2              THE COURT:  Okay.  Our next case is 4:21-cr-253,

3    the second defendant, United States of America versus

4    Mr. Musa.

5              And for the Government?

6              MR. COMBS:  Jay Combs for the United States, your

7    Honor.  The Government is ready.

8              THE COURT:  And for the Defendant?

9              MR. HOPPING:  John Hopping for Irabor Musa.

10             THE COURT:  Okay.  Sir, you are here first for a

11   plea to an Information and then -- I guess that's all we're

12   doing today is a plea to a Plea Agreement today.  We're not

13   doing --

14             MR. HOPPING:  Yes, your Honor.

15             THE COURT:  -- sentencing.

16             So, sir, if you'll raise your right hand to be

17   sworn in.

18             (The oath is administered to the Defendant.)

19             THE COURT:  Okay.  Sir, this is your first

20   appearance on the Information.  And have you received a

21   copy of the Information?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  And have you read it and gone over it

24   with your counsel?

25             THE DEFENDANT:  Yes, your Honor.
```

```
 1              THE COURT:  And you understand you are charged in
 2    the Eastern District of Texas, Sherman Division, with a
 3    violation of Title 18 United States Code, Section 1349,
 4    conspiracy to commit wire fraud?
 5              THE DEFENDANT:  Yes, your Honor.
 6              THE COURT:  And do you understand you have a
 7    constitutional right to be charged by way of Indictment by
 8    the grand jury but you can waive prosecution by Indictment
 9    and consent to let the case proceed on an Information
10    rather than by Indictment?  Unless you waive Indictment,
11    you may not be charged unless the grand jury finds by
12    return of Indictment that there is probable cause to
13    believe that a crime has been committed and that you
14    committed it.  If you don't waive Indictment, the
15    Government would have to present the case to a grand jury
16    and ask them to indict you.  The grand jury might do so or
17    might not do so.  If you waive Indictment by the grand
18    jury, the case will proceed against you on the U.S.
19    Attorney's Information just as though you've been indicted.
20              Have you discussed waiving your right to
21    Indictment by the grand jury with your counsel?
22              THE DEFENDANT:  Yes, your Honor.
23              THE COURT:  And do you understand the right to
24    Indictment by the grand jury?
25              THE DEFENDANT:  Yes, your Honor.
```

```
 1              THE COURT:  Has anyone made any threats or
 2   promises to you to induce you to waive Indictment?
 3              THE DEFENDANT:  No, your Honor.
 4              THE COURT:  And is it your desire to waive
 5   Indictment in this case?
 6              THE DEFENDANT:  Yes, your Honor.
 7              THE COURT:  And then, Mr. Hopping, any reason why
 8   the Defendant shouldn't waive Indictment?
 9              MR. HOPPING:  No, your Honor.
10              THE COURT:  And, sir, you signed a Waiver of
11   Indictment form; is that correct?
12              THE DEFENDANT:  Yes, your Honor.
13              THE COURT:  Do you have a copy of that in front of
14   you?  Is that your signature?  Do you have a copy?
15              MR. HOPPING:  We just have the original.
16              THE COURT:  Okay.  Well, let me -- if you want to
17   approach.  I want him to attest that it's his signature.
18              Is that your signature on the waiver?
19              THE DEFENDANT:  Yes, your Honor.
20              THE COURT:  And did you discuss it with your
21   counsel before you signed it?
22              THE DEFENDANT:  Yes, sir.
23              THE COURT:  I'll accept the waiver and find it is
24   made knowingly and voluntarily.
25              Do you want to waive the reading of the
```

1    Information, or do you want the Information read?

2            THE DEFENDANT:  Yes, your Honor, waive.

3            THE COURT:  Okay.  Very good.

4            So now we'll go into the plea portion of the

5    proceedings.  Would you name your full name for the record.

6            THE DEFENDANT:  Irabor Fatarr Musa.

7            THE COURT:  How old are you, sir?

8            THE DEFENDANT:  I'm 53.

9            THE COURT:  And what's the last grade you

10   completed in school?

11           THE DEFENDANT:  Oh, BSC, industrial relation and

12   business management.

13           THE COURT:  So you read, write, and speak English,

14   correct?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  Now, since you have taken the oath,

17   you are now under the penalties of perjury.  If you give

18   false answers during this hearing, your answers may later

19   be used against you in a prosecution for perjury or false

20   statement.

21           Do you understand that?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  And today it is your desire to plead

24   guilty to Count 1 of the Information that charges a

25   violation of Title 18 United States Code, Section 1349,

1    conspiracy to commit wire fraud, correct?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Now, if you have any questions during

4    these proceedings, just stop me and I'll try to answer any

5    question that you might have.  If you need time to consult

6    with counsel, likewise stop me and I'll let you talk -- or

7    speak with counsel.

8          Do you understand?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Have you discussed all the facts of

11    the case with your attorney as well as any defenses you

12    might have to these charges?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Are you satisfied that your attorney

15    has fully considered your case as well as any defenses you

16    might have to these charges?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Are you fully satisfied your counsel

19    has completely advised you?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Now I want to go over some of your

22    constitutional rights.  Do you understand you have the

23    right to persist in your plea of not guilty; you have the

24    right to a speedy and public trial; you have the right to

25    be tried by a jury; you have the right to the assistance of

1    counsel throughout all proceedings, including trial; you

2    have the right to confront and cross-examine the witnesses

3    against you; you have the right to present a defense and

4    the right to have witnesses subpoenaed to court to testify

5    in your behalf; and you have the right against compelled

6    self-incrimination, which just means the Government can

7    never force you to testify at any trial or hearing and the

8    Government may not comment upon your silence.

9          Do you understand you have these rights?

10         THE DEFENDANT:  Yes, your Honor.

11         THE COURT:  If you plead guilty today, there will

12   be no trial.  You will be giving up these constitutional

13   rights, with the exception of the right to continued

14   assistance of counsel.

15         Do you understand and agree to that?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  So that you will fully understand the

18   nature of the charges against you, we have to go over the

19   elements of the offense.  In order to be found guilty of

20   this offense, the Government would have to prove to the

21   jury the elements of the offense beyond a reasonable doubt.

22         I'm now going to have Mr. Combs read these into

23   the record, and then I'm going to ask you questions.

24         MR. COMBS:  Sir, the essential elements which must

25   be proved beyond a reasonable doubt to establish a

1    violation of 18 United States Code, Section 1349 are:

2              First, that you and one or more persons agreed to

3    commit wire fraud;

4              Second, that you knew the unlawful purpose of the

5    agreement; and,

6              Third, that you joined in the agreement with the

7    intent to further its unlawful purpose.

8              Further, the elements of wire fraud under

9    18 United States Code, Section 1343, are as follows:

10             Number 1, that the Defendant knowingly devised or

11   intended to device any scheme to defraud, that is, the

12   scheme to defraud described in the Information;

13             Number 2, that the scheme to defraud employed

14   false material representations or false material pretenses

15   or false material promises;

16             Number 3, that the Defendant transmitted or caused

17   to be transmitted, by way of wire communication in

18   interstate commerce, any writing, sign, or signal for the

19   purpose of executing such scheme; and,

20             Four, that the Defendant acted with specific

21   intent to defraud.

22             THE COURT:  So, do you understand the nature of

23   the charges and each of the elements of the offense as they

24   have just been explained to you?

25             THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  If you plead guilty to the offense

2   charged, you will be admitting to each of these elements.

3   Do you understand?

4          If you plead guilty to the offense charged, you

5   will be admitting to the elements.  Do you understand that?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Now, I want to go over the penalties

8   you could receive by pleading guilty.  The maximum you

9   could receive could be imprisonment for a term of not more

10  than 20 years --

11         Do you understand that?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  -- a fine not to exceed $250,000 or

14  both, a term of supervised release of not more than three

15  years.

16         If a violation affected a financial institution,

17  then imprisonment for a term not more than 30 years, a fine

18  not to exceed $1 million or both, and imprisonment and a

19  fine and a term of supervised release of not more than five

20  years.

21         Do you understand those penalties?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  There is also a mandatory special

24  assessment of $100.

25         There could be forfeiture of property involved or

CHANGE OF PLEA HEARING                    10

 1    traceable to the criminal offense.

 2            There could be restitution to the victims or the

 3    community and costs of incarceration and supervision.

 4            Do you understand those penalties as well?

 5            THE DEFENDANT:  Yes, your Honor.

 6            THE COURT:  And do you have any question regarding

 7    the penalties you could receive by pleading guilty?

 8            Any questions?

 9            THE DEFENDANT:  No, your Honor.

10            THE COURT:  And are you a U.S. citizen?

11            THE DEFENDANT:  No, your Honor.

12            THE COURT:  Okay.  And do you understand there is

13    an immigration implication by pleading guilty?

14            THE DEFENDANT:  Yes, your Honor.

15            THE COURT:  Do you also realize and understand

16    that although the sentencing guidelines are advisory, a

17    guideline sentence will be calculated and the guidelines

18    may apply in this case?

19            THE DEFENDANT:  Yes, your Honor.

20            THE COURT:  Have you discussed with your attorney

21    the sentencing guidelines and how they may be used?

22            THE DEFENDANT:  Yes, your Honor.

23            THE COURT:  And do you understand the sentencing

24    guidelines are not mandatory and the sentencing judge is

25    not obligated to follow them in this case?

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  And do you also understand the Court

3    will not be able to determine the guideline sentence for

4    your case until after the presentence report has been

5    completed and you and the Government have had the

6    opportunity to challenge the facts and calculations as

7    reported by the probation officer?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  And do you also understand that the

10   sentence imposed may be different from any estimate your

11   attorney, the Government, or even the probation officer may

12   have given you?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  And since the sentencing guidelines

15   are not binding on the Court, the sentencing judge may

16   depart from them and sentence you up to the statutory

17   maximum in this case, which could be 20 years or 30 years

18   if that enhancement applies.

19          Do you understand that?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  And if the sentence you receive is

22   more severe than you expect, you are still bound by your

23   guilty plea if you plead today.

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Do you also understand that parole has

```
 1  been abolished in the federal system and if you are

 2  sentenced to a term of imprisonment, you will not be

 3  released on parole?

 4           THE DEFENDANT:  Yes, your Honor.

 5           THE COURT:  Do you also understand that under some

 6  circumstances, you or the Government may have the right

 7  to appeal any sentence imposed unless you give up that in a

 8  waiver?

 9           THE DEFENDANT:  Yes, your Honor.

10           THE COURT:  Now, we need to go over your Plea

11  Agreement.  Do you have that in front of you?

12           THE DEFENDANT:  Yes.

13           MR. HOPPING:  We do, your Honor.

14           THE COURT:  And is that your signature at the end

15  of the document, on page 11?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  And did you have the chance to read

18  the entire Plea Agreement and discuss it with counsel

19  before you signed it?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  And also you signed the Addendum as

22  well?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  And let me go over -- see what

25  guideline stipulations.  Paragraph 5, you basically
```

1    agree -- the parties agree that the guideline range will be

2    determined by the Court, and then you've also agreed to a

3    reduction of three levels for acceptance of responsibility.

4            Those are your only guideline stipulations,

5    correct?

6            THE DEFENDANT:  Correct.  Yes, your Honor.

7            THE COURT:  Now, you understand the Court is not

8    bound by these stipulations.  That next paragraph says

9    that.

10            Do you understand that?

11            THE DEFENDANT:  Yes, your Honor.

12            THE COURT:  You also understand that other

13    specific offense characteristics or guideline adjustments

14    may increase or decrease the appropriate sentencing range?

15            You understand that?

16            THE DEFENDANT:  Yes, your Honor.

17            THE COURT:  Do you also understand that nothing in

18    this agreement will preclude argument by either party

19    regarding any specific offense characteristics or guideline

20    adjustments?

21            Do you understand that?

22            THE DEFENDANT:  Yes, your Honor.

23            THE COURT:  Do you have any questions regarding

24    the terms of the Plea Agreement?

25            THE DEFENDANT:  No, your Honor.

 1                THE COURT:  And do you understand the Plea

 2   Agreement and all its terms?

 3                THE DEFENDANT:  Yes, your Honor.

 4                THE COURT:  And, of course, those paragraphs 7 and

 5   8 deal with forfeiture and restitution.  Do you understand

 6   that?

 7                THE DEFENDANT:  Yes, your Honor.

 8                THE COURT:  And then I want to cover one other

 9   provision.  It's paragraph 13, your waiver of right to

10   appeal.  You are basically waiving your right to appeal the

11   conviction, sentence, fine, order of restitution, or order

12   of forfeiture in this case on all grounds.

13                Do you understand that?

14                THE DEFENDANT:  Yes, your Honor.

15                THE COURT:  You are also agreeing not to contest

16   the conviction, sentence, fine, order of restitution, or

17   order of forfeiture in any postconviction proceeding

18   including, but not limited to, a proceeding under 28 USC,

19   Section 2255.

20                Do you understand that?

21                THE DEFENDANT:  Yes, your Honor.

22                THE COURT:  And you are reserving the right to

23   appeal any punishment imposed in excess of the statutory

24   maximum.

25                Do you understand that?

CHANGE OF PLEA HEARING                                        15

 1              THE DEFENDANT:  Yes, your Honor.

 2              THE COURT:  And you are also reserving the right

 3    to appeal or seek collateral review of a claim of

 4    ineffective assistance of counsel.

 5              Do you understand that?

 6              THE DEFENDANT:  Yes, your Honor.

 7              THE COURT:  So you understand those are your

 8    only -- that's your only really basis for appeal that you

 9    are allowed, those limited circumstances.

10              You understand that?

11              THE DEFENDANT:  Yes, your Honor.

12              THE COURT:  Mr. Hopping, have you discussed the

13    Plea Agreement thoroughly with your client, including the

14    provision on the waiver of appeal?

15              THE DEFENDANT:  I have, your Honor.

16              THE COURT:  And, in your opinion, do you think he

17    understands the Plea Agreement in its entirety?

18              MR. HOPPING:  He does, your Honor.

19              THE COURT:  Okay.  I'll go ahead and file the Plea

20    Agreement and the Addendum and make that part of the

21    record.

22              And then, sir, have you -- has anyone promised you

23    anything or made any other representation to you to get you

24    to plead guilty?

25              THE DEFENDANT:  No, your Honor.

CHANGE OF PLEA HEARING                                                16

1               THE COURT:  And the only agreement is what's in

2      the Plea Agreement, correct?

3               THE DEFENDANT:  Yes, your Honor.

4               THE COURT:  Has anyone threatened you to get you

5      to plead guilty?

6               THE DEFENDANT:  No, your Honor.

7               THE COURT:  Are you pleading guilty to help

8      anybody else?

9               THE DEFENDANT:  No, your Honor.

10              THE COURT:  And are you pleading guilty of your

11     own free will because you are, in fact, guilty?

12              THE DEFENDANT:  Yes, your Honor.

13              THE COURT:  Have you been treated recently for any

14     kind of mental illness or addiction to narcotic drugs of

15     any kind?

16              THE DEFENDANT:  No, your Honor.

17              THE COURT:  Are you currently under the influence

18     of any drug, medication, or alcoholic beverage of any kind?

19              THE DEFENDANT:  No, your Honor.

20              THE COURT:  Does counsel for the Government or

21     counsel for Defense have any doubt as to Defendant's

22     competence to plead guilty today?

23              MR. COMBS:  No, your Honor.

24              MR. HOPPING:  He's competent, your Honor.

25              THE COURT:  Okay.  Thank you.

CHANGE OF PLEA HEARING                17

1              Now we need to go over the factual basis for your

2    plea.  You've entered into a written Factual Basis.

3              Do you have that in front of you?

4              MR. HOPPING:  He does, your Honor.

5              THE COURT:  Is that your signature on the second

6    page?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  And did you have a chance to read the

9    Factual Basis and discuss it with counsel before you signed

10   it?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Now I want you to listen carefully.

13   I'm going to have Mr. Combs read this into the record, and

14   then I'm going to ask you a couple questions.

15             MR. COMBS:  The Defendant, Irabor Fatarr Musa,

16   hereby stipulates and agrees that at all times relevant to

17   the Information herein, the following facts are true:

18             One, the Defendant, Irabor Fatarr Musa, who is

19   entering a plea of guilty, is the same person charged in

20   the Information;

21             Two, the events and conduct described in the

22   Information occurred in the Eastern District of Texas and

23   elsewhere;

24             Three, Irabor Fatarr Musa and co-conspirators did

25   knowingly, willfully, and acting with specific intent to

1  defraud, agreed to commit wire fraud in violation of

2  18 United States Code, Section 1349, that is, to devise a

3  scheme to defraud and obtain money from victims using

4  materially false and fraudulent pretenses, representations,

5  and promises;

6          Four, Irabor Fatarr Musa and the co-conspirators

7  transmitted or caused to be transmitted, by way of wire

8  communication in interstate or foreign commerce, writings

9  for the purpose of executing the scheme.

10         THE COURT:  So is everything contained in this

11 written factual statement true and correct?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Do you acknowledge and agree with

14 these facts constituting proof of the commission of the

15 offense and the charges against you in the Information in

16 every respect?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Are there any changes you would offer?

19         THE DEFENDANT:  No, your Honor.

20         THE COURT:  And are both the Government and

21 Defense counsel satisfied there is a factual basis for this

22 guilty plea?

23         MR. COMBS:  Yes, your Honor.

24         MR. HOPPING:  Yes, your Honor.

25         THE COURT:  And are both the Government and

1  Defense counsel satisfied the Court has complied with all

2  the requirements of Rule 11 today?

3          MR. COMBS:  Yes, your Honor.

4          MR. HOPPING:  Yes, your Honor.

5          THE COURT:  Mr. Hopping, have you -- are you aware

6  of any reason whatsoever why your client is not able to

7  enter a knowing and intelligent plea?

8          MR. HOPPING:  No, your Honor.

9          THE COURT:  Has he been cooperative?

10         MR. HOPPING:  He has, your Honor.

11         THE COURT:  And have you discussed the case in

12 detail with him?

13         MR. HOPPING:  I have, your Honor.

14         THE COURT:  And do you join in his decision to

15 plead guilty?

16         MR. HOPPING:  I do, your Honor.

17         THE COURT:  Okay.  So, Mr. Musa, have you -- do

18 you understand everything that's gone on here today?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  Do you have any questions?

21         THE DEFENDANT:  No, your Honor.

22         THE COURT:  And, again, you are pleading guilty

23 because you are, in fact, guilty?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  So as to Count 1 of the Information

1    that charges a violation of Title 18 United States Code,

2    Section 1349, conspiracy to commit wire fraud, how do you

3    plead?

4           THE DEFENDANT:  Guilty, your Honor.

5           THE COURT:  Okay.  It is the finding of the Court

6    that you are fully competent and capable of entering an

7    informed plea, that you understand the nature of these

8    proceedings and understand the consequences of your plea of

9    guilty, that your plea of guilty is a knowing and voluntary

10   plea supported by an independent basis of fact containing

11   each of the essential elements of the offense, and that you

12   intended to do the acts you committed.

13          I will, therefore, accept your -- accept and

14   adjudge you are guilty of this offense conditioned upon

15   final review of the presentence report at sentencing.

16          Now, you are currently in custody, so you will go

17   back into custody.

18          But is there anything further from the Government?

19          MR. COMBS:  No, your Honor.

20          THE COURT:  Is there anything further from

21   Defense?

22          MR. HOPPING:  No, your Honor.

23          THE COURT:  Okay.  And then you are remanded back

24   into custody pending sentencing.

25          I think that concludes our docket for today.

```
 1    We'll be in recess.

 2            (Proceedings concluded, 3:55 p.m.)

 3    COURT REPORTER'S CERTIFICATION

 4            I HEREBY CERTIFY THAT ON THIS DATE, MARCH 10,

 5    2025, THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD

 6    OF PROCEEDINGS.

 7

 8                     /s/
                     CHRISTINA L. BICKHAM, CRR, RDR
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```